# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**TYLER GROUP PARTNERS, LLC;**

    **Plaintiff,**

**v.**                                                                                  **No. 19-cv-0777 KRS/SMV**

**BERT MADERA; MONTIE CAROL MADERA;
and PITCHFORK CATTLE COMPANY, LLC;**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court sua sponte, following its review of the Complaint [Doc. 1], filed by Plaintiff on August 26, 2019. The Court has a duty to determine sua sponte whether subject-matter jurisdiction exists. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the Complaint, the applicable law, and being otherwise fully advised in the premises, concludes that the Complaint fails to allege the necessary facts of citizenship in order to sustain diversity jurisdiction. Therefore, the Court will order Plaintiff to file an amended complaint no later than **October 8, 2019,** if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

## BACKGROUND

On August 26, 2019, Plaintiff filed its Complaint. [Doc. 1]. It alleges that the Court has jurisdiction based on diversity of citizenship. *Id.* at 2. Plaintiff asserts that it "is a foreign entity doing business in the State of New Mexico and maintains its principal place of business in Texas." *Id.* at 1. It then alleges that Defendants Bert and Montie Carol Madera are "resident[s] of Lea

County, in the State of New Mexico, and . . . owner[s] and manager[s] of Pitchfork Cattle Company, LLC." *Id.* Plaintiff next asserts that Defendant Pitchfork Cattle Company, LLC ("Pitchfork") "was a New Mexico corporation based out of Lea County, New Mexico." *Id.* at 2. Finally, Plaintiff alleges that the amount in controversy exceeds $75,000. *Id.*

## LEGAL STANDARD

A plaintiff is required to assert the basis of subject-matter jurisdiction in its complaint. Fed. R. Civ. P. 8. Additionally, the district court must be satisfied that, indeed, it has subject-matter jurisdiction. *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998). Subject-matter jurisdiction cannot be waived and thus may be raised by the parties or sua sponte at any time. *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

## DISCUSSION

District courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a) (2018). Jurisdiction under § 1332 requires diversity of *citizenship*. The party asserting jurisdiction must plead citizenship distinctly and affirmatively; allegations of residence are not enough. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Domicile, the equivalent of State citizenship, requires more than mere residence; domicile exists only when residence is coupled with an intention to remain in the State indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

Determining the citizenship of a limited liability company is different from determining the citizenship of a corporation under § 1332. A corporation is deemed to be a citizen of the State

in which it is incorporated *and* in which it maintains its principal place of business. *See* § 1332(c). Limited liability companies, however, are treated as partnerships for citizenship purposes and are therefore citizens of each and every State in which any member is a citizen. *Siloam Springs Hotel*, 781 F.3d at 1234.

Here, the facts set forth in the Complaint do not sufficiently establish diversity of jurisdiction for three reasons. First, though Plaintiff—an LLC—alleges that it is a foreign entity doing business in New Mexico, it makes no allegations regarding the citizenship of each of its members. *See* [Doc. 1] at 1. Additionally, though Plaintiff alleges that its principal place of business is in Texas, such information is irrelevant when determining the citizenship of an LLC. *See Siloam Springs Hotel*, 781 F.3d at 1234. Second, Plaintiff improperly alleges the *residence*—not domicile—of the two individual Defendants. *See* [Doc. 1] at 1. A person's State of domicile (not residence) determines that person's citizenship for diversity-of-jurisdiction purposes. *Siloam Springs Hotel*, 781 F.3d at 1238. Finally, though Plaintiff alleges that Bert and Montie Carol Madera are owners and managers of Pitchfork—an LLC—Plaintiff does not list the State of citizenship of each member of Pitchfork. *See* [Doc. 1] at 2. Plaintiff must list the State of citizenship of *each* of Pitchfork's *members*—which may or may not include Bert and Montie Carol Madera—in order to properly allege its citizenship. *Siloam Springs Hotel*, 781 F.3d at 1234.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff shall amend its Complaint to properly allege diversity of citizenship, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **October 8, 2019**.

**IT IS FURTHER ORDERED** that if such an amended complaint is not filed by **October 8, 2019,** the Court may dismiss this action without prejudice.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**